ALAN H. BARBANEL (Cal Bar No. 108196)
  abarbanel@btlawla.com
ILYA A. KOSTEN (Cal Bar No. 173663)
  ikosten@btlawla.com
BARBANEL & TREUER, P.C.
1925 Century Park East, Suite 350
Los Angeles, California 90067
Telephone:    (310) 282-8088
Facsimile:    (310) 282-8779

Attorneys for Defendant, GENERAL
REINSURANCE CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CITY OF MANHATTAN BEACH, <br><br> Plaintiff, <br><br> vs. <br><br> GENERAL REINSURANCE CORPORATION, <br><br> Defendant. | Case No. 2:21-CV-02210-MCS-MAA <br><br> **STIPULATED PROTECTIVE ORDER** |
| GENERAL REINSURANCE CORPORATION, <br><br> Counterclaimant, <br><br> vs. <br><br> CITY OF MANHATTAN BEACH, <br><br> Counterdefendant. | [*Hon. Mark C. Scarsi*] <br><br> Trial Date:  August 2, 2022 |

1.    **PURPOSES AND LIMITATIONS**

        Discovery in this action is likely to involve production of confidential,

proprietary, or private information for which special protection from public

disclosure and from use for any purpose other than prosecuting this litigation may

be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

enter the following Stipulated Protective Order.  The parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 13.3 below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Courts to file material under seal.  Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

2.    **GOOD CAUSE STATEMENT**

This Stipulation and proposed Protective Order is submitted by agreement between the Plaintiff and Counterdefendant, City of Manhattan Beach ("City"), and  the Defendant and Counterclaimant, General Reinsurance Corporation ("GRC").

This Stipulation is being entered to facilitate the production, exchange and discovery of documents and information that the City and GRC agree merit confidential treatment (hereinafter "CONFIDENTIAL", as defined below).  Among other applications, this Stipulation will serve as a qualified protective order in compliance with HIPAA, and specifically, 45 C.F.R § 164.512(e)(v).

3.    **DEFINITIONS**

3.1.    Action:  [*This pending federal lawsuit.*] [*Alternatively, this definition may include consolidated or related actions.*]

3.2.    Challenging Party:  A Party or Nonparty that challenges the designation of information or items under this Stipulated Protective Order.

2

3.3. <u>"CONFIDENTIAL" Information or Items</u>:  Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement, including, but not limited to, the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), trade secrets, proprietary business information, competitively sensitive information, or other information the disclosure of which would, in the good faith judgment of the party designating the material as confidential, be detrimental to the conduct of that party's business or the business of any of that party's customers or clients.

3.4. <u>Counsel</u>:  Outside Counsel of Record and In-House Counsel (as well as their support staff).

3.5. <u>Designating Party</u>:  A Party or Nonparty that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

3.6. <u>Disclosure or Discovery Material</u>:  All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that is produced or generated in disclosures or responses to discovery in this matter.

3.7. <u>Expert</u>:  A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

3.8. <u>In-House Counsel</u>:  Attorneys who are employees of a party to this Action.  In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

3.9. <u>Nonparty</u>:  Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

534889.1

STIPULATED [PROPOSED] PROTECTIVE ORDER

3.10. <u>Outside Counsel of Record</u>:  Attorneys who are not employees of a party this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

3.11. <u>Party</u>:  Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, In-House Counsel, and Outside Counsel of Record (and their support staffs).

3.12. <u>Producing Party</u>:  A Party or Nonparty that produces Disclosure or Discovery Material in this Action, including the City, GRC, and any non-party producing information designated as "CONFIDENTIAL" in connection with depositions, document productions, subpoenas, or otherwise, or the party asserting the confidentiality privilege, as the case may be.

3.13. <u>Professional Vendors</u>:  Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

3.14. <u>Protected Material</u>:  Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

3.15. <u>Receiving Party</u>:    A Party that receives Disclosure or Discovery Material from a Producing Party, including the City and GRC receiving information designated as "CONFIDENTIAL" in connection with depositions, document productions, subpoenas, or otherwise, or the party asserting the confidentiality privilege, as the case may be.

4.    **<u>SCOPE</u>**

The protections conferred by this Stipulated Protective Order cover not only

534889.1

1   Protected Material, but also (1) any information copies or extracted from Protected

2   Material; (2) all copies, excerpts, summaries, or compilations of Protected Material;

3   and (3) any testimony, conversations, or presentations by Parties or their Counsel

4   that might reveal Protected Material.

5          Any use of Protected Material at trial shall be governed by the orders of the

6   trial judge.  This Stipulated Protective Order does not govern the use of Protected

7   Material at trial.  Accordingly, this Stipulation shall not control the use of exhibits

8   and testimony at trial or documents or information that the Court determines not to

9   be Confidential, Subject to the foregoing, this Stipulation shall continue to be

10  binding after the conclusion of this litigation except (a) that there shall be no

11  restriction on documents that are filed with the Court in accordance with the

12  Stipulation or used as trial exhibits (unless such filings are exhibits are filed under

13  seal); and (b) that a party may seek the written permission of the Producing Party or

14  further order of the Court with respect to dissolution or modification of any of the

15  Stipulation.

16  **5.    DURATION**

17         Even after final disposition of this litigation, the confidentiality obligations

18  imposed by this Stipulated Protective Order shall remain in effect until a

19  Designating Party agrees otherwise in writing or a court order otherwise directs.

20  Final disposition shall be deemed to be the later of (1) dismissal of all claims and

21  defenses in this Action, with or without prejudice; and (2) final judgment herein

22  after the completion and exhaustion of all appeals, rehearings, remands, trials, or

23  reviews of this Action, including the time limits for filing any motions or

24  application for extension of time pursuant to applicable law.

25  **6.    DESIGNATING PROTECTED MATERIAL**

26         6.1.   Exercise of Restraint and Care in Designating Material for Protection.

27                Each Party or Nonparty that designates information or items for

28         protection under this Stipulated Protective Order must take care to limit

5

534889.1

1   any such designation to specific material that qualifies under the

2   appropriate standards.  The Designating Party must designate for

3   protection only those parts of material, documents, items, or oral or

4   written communications that qualify so that other portions of the

5   material, documents, items, or communications for which protection is

6   not warranted are not swept unjustifiably within the ambit of this

7   Stipulated Protective Order.

8        Mass, indiscriminate, or routinized designations are prohibited.

9   Designations that are shown to be clearly unjustified or that have been

10   made for an improper purpose (*e.g.,* to unnecessarily encumber the case

11   development process or to impose unnecessary expenses and burdens

12   on other parties) may expose the Designating Party to

13   sanctions.

14   6.2.   Manner and Timing of Designations.

15        Except as otherwise provided in this Stipulated Protective Order

16   (*see*, *e.g.,* Section 6.2(a)), or as otherwise stipulated or ordered,

17   Disclosure or Discovery material that qualifies for protection under this

18   Stipulated Protective Order must be clearly so designated before the

19   material is disclosed or produced.

20        Designation in conformity with this Stipulated Protective Order

21   requires the following:

22   (a)   For information in documentary form (*e.g.,* paper or electronic

23        documents, but excluding transcripts of depositions or other

24        pretrial or trial proceedings), that the Producing Party affix at a

25        minimum, the legend "CONFIDENTIAL" to each page that

26        contains protected material.  If only a portion or portions of the

27        material on a page qualifies for protection, the Producing Party

28        also must clearly identify the protected portion(s) (*e.g.,* by

6

534889.1

making appropriate markings in the margins).

A Party or Nonparty that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Stipulated Protective Order.  Then, before producing the specified documents, the Producing Party must affix the legend "CONFIDENTIAL" to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portions(s) (*e.g.*, by making appropriate markings in the margins).

(b)   For testimony given in depositions, that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition, all protected testimony.

(c)   For information produced in nondocumentary form, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

///

534889.1

6.3. <u>Inadvertent Failure to Designate</u>.

      If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulated Protective Order.

6.4. <u>No Unintentional Waiver Privilege or Admission</u>

      Nothing in this Stipulation shall be deemed to waive any privilege recognized by law or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

**7.   CHALLENGING CONFIDENTIALITY DESIGNATIONS**

7.1. <u>Timing of Challenges</u>.

      Any Party or Nonparty may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

7.2. <u>Meet and Confer</u>.

      The Challenging Party shall initiate the dispute resolution process, which shall comply with Local Rule 37.1 et seq., and with Section 4 of Judge Audero's Procedures ("Mandatory Telephonic Conference for Discovery Disputes").[1]

7.3. <u>Burden of Persuasion</u>.

      The burden of persuasion in any such challenge proceeding shall

---

[1]   Judge Audero's Procedures are available at https://www.cacd.uscourts.gov/honorable -maria-audero.

534889.1

STIPULATED [PROPOSED] PROTECTIVE ORDER

1  be on the Designating Party.  Frivolous challenges, and those made for

2  an improper purpose (*e.g.*, to harass or impose unnecessary expenses

3  and burdens on other parties) may expose the Challenging Party to

4  sanctions.  Unless the Designating Party has waived or withdrawn the

5  confidentiality designation, all parties shall continue to afford the

6  material in question the level of protection to which it is entitled under

7  the Producing Party's designation until the Court rules on the

8  challenge.

9  **8.    ACCESS TO AND USE OF PROTECTED MATERIALS**

10     8.1    Basic Principles.

11         A Receiving Party may use Protected Material that is disclosed

12  or produced by another Party or by a Nonparty in connection with this

13  Action only for prosecuting, defending, or attempting to settle this

14  Action.  Such Protected Material may be disclosed only to the

15  categories of persons and under the conditions described in this

16  Stipulated Protective Order.  When the Action reaches a final

17  disposition, a Receiving Party must comply with the provisions of

18  Section 14 below.

19         Protected Material must be stored and maintained by a

20  Receiving Party at a location and in a secure manner that ensures that

21  access is limited to the persons authorized under this Stipulated

22  Protective Order.

23         Any person receiving Confidential Information shall not reveal

24  or discuss such information to or with any person not entitled to receive

25  such information under the terms of this Stipulation.

26     8.2.    Disclosure of "CONFIDENTIAL" Information or Items.

27         Unless otherwise ordered by the Court or permitted in writing

28  by the Designating Party, a Receiving Party may disclose any

information or item designated "CONFIDENTIAL" only to:

(a)    The Receiving Party's Outside Counsel of Record, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)    The Officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)    Experts of the Receiving Party to whom disclosure is reasonably necessary for this Action and who signed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

(d)    The Court and its personnel;

(e)    Court reporters and their staff;

(f)    Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary or this Action and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

(g)    The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)    During their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (i) the deposing party requests that the witness sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (ii) the witness will not e permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound," unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal

STIPULATED [PROPOSED] PROTECTIVE ORDER

1   Protected Material may be separately bound by the court

2   reporter and may not be disclosed to anyone except as permitted

3   under this Stipulated Protective Order; and

4   (i)   Any mediator or settlement officer, and their supporting

5   personnel, mutually agreed upon by any of the parties engaged

6   in settlement discussions.

7   **9.   PROTECTED MATERIAL SUBPOENAED OR ORDERED**

8   **PRODUCED IN OTHER LITIGATION**

9   If a Party is served with a subpoena or court order issued in other litigation

10   that compels disclosure of any information or items designated in this action as

11   "CONFIDENTIAL," that Party must:

12   (a)   Promptly notify in writing the Designating Party.  Such notification

13   shall include a copy of the subpoena or court order;

14   (b)   Promptly notify in writing the party who caused the subpoena or order

15   to issue in the other litigation that some or all of the material covered

16   by the subpoena or order is subject to this Stipulated Protective Order.

17   Such notification shall include a copy of this Stipulated Protective

18   Order; and

19   (c)   Cooperate with respect to all reasonable procedures sought to be

20   pursued by the Designating Party whose Protected Material may be

21   affected.

22   If the Designating Party timely seeks a protective order, the Party served with

23   the subpoena or court order shall not produce any information designated in this

24   action as "CONFIDENTIAL" before a determination by the Court from which the

25   subpoena or order issued, unless the Party has obtained the Designating Party's

26   permission.  The Designating Party shall bear the burden and expense of seeking

27   protection in that court of its confidential material and nothing in these provisions

28   should be construed as authorizing or encouraging a Receiving Party in this Action

11

STIPULATED [PROPOSED] PROTECTIVE ORDER

534889.1

1  to disobey a lawful directive from another court.

2  **10.    A NONPARTY'S PROTECTED MATERIAL SOUGHT TO BE**

3  **PRODUCED IN THIS LITIGATION**

4      10.1   Application.

5              The terms of this Stipulated Protective Order are applicable to

6  information produced by a Nonparty in this Action and designated as

7  "CONFIDENTIAL."  Such information produced by Nonparties in

8  connection with this litigation is protected by the remedies and relief

9  provided by this Stipulated Protective Order.  Nothing in these

10 provisions should be construed as prohibiting a Nonparty from seeking

11 additional protections.

12     10.2.  Notification.

13             In the event that a Party is required, by a valid discovery

14 request, to produce a Nonparty's confidential information in its

15 possession, and the Party is subject to an agreement with the Nonparty

16 not to produce the Nonparty's confidential information, then the Party

17 shall:

18     (a)    Promptly notify in writing the Requesting Party and the

19             Nonparty that some or all of the information requested is subject

20             to a confidentiality agreement with a Nonparty;

21     (b)    Promptly provide the Nonparty with a copy of the Stipulated

22             Protective Order in this Action, the relevant discovery

23             requests(s), and a reasonably specific description of the

24             information requested; and

25     (c)    Make the information requested available for inspection by the

26             Nonparty, if requested.

27     10.3.  Conditions of Production.

28             If the Nonparty fails to seek a protective order from this Court

within fourteen (14) days after receiving the notice and accompanying information, the Receiving Party may produce the Nonparty's confidential information responsive to the discovery request.  If the Nonparty timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Nonparty before a determination by the Court.  Absent a court order to the contrary, the Nonparty shall bear the burden and expense of seeking protection in this Court of its Protected Material.

**11.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party immediately must (1) notify in writing the Designating Party of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the Protected Material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and (4) request each person or persons to execute the "Acknowledgment and Agreement to be Bound" (Exhibit A).

**12.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work

534889.1

1  product protection, the parties may incorporate their agreement in the Stipulated

2  Protective Order submitted to the Court.

3  **13.    MISCELLANEOUS**

4        13.1.  Right to Further Relief.

5              Nothing in this Stipulated Protective Order abridges the right of

6        any person to seek its modification by the Court in the future.

7        13.2.  Right to Assert Other Objections.

8              By stipulating to the entry of this Stipulated Protective Ordre, no

9        Party waives any right it otherwise would have to object to disclosing

10       or producing any information or item on any ground not addressed in

11       this Stipulated Protective Order.  Similarly, no Party waives any right

12       to object on any ground to use in evidence of any of the material

13       covered by this Stipulated Protective Order.

14       13.3.  Filing Protected Material.

15             A Party that seeks to file under seal any Protected Material must

16       comply with Local Rule 79-5.  Protected Material may only be filed

17       under seal pursuant to a court order authorizing the sealing of the

18       specific Protected Material at issue.  If a Party's request to file

19       Protected Material under seal is denied by the Court, then the

20       Receiving Party may file the information in the public record unless

21       otherwise instructed by the Court

22  **14.    FINAL DISPOSITION**

23       After the final disposition of this Action, within sixty (60) days of a written

24  request by the Designating Party, each Receiving Party must return all Protected

25  Material to the Producing Party or destroy such material.  As used in this

26  subdivision, "all Protected Material" includes all copies, abstracts, compilations,

27  summaries, excerpts, and any other format reproducing or capturing any of the

28  Protected Material.  Whether the Protected Material is returned or destroyed, the

534889.1

1    Receiving Party must submit a written certification to the Producing Party (and, if

2    not the same person or entity, to the Designating Party) by the 60-day deadline that

3    (1) identifies (by category, where appropriate) all the Protected Material that was

4    returned or destroyed and (2) affirms that the Receiving Party has not retained any

5    copies, abstracts, compilations, summaries, excerpts or any other format

6    reproducing or capturing any of the Protected Material.  Notwithstanding this

7    provision, Counsel is entitled to retain an archival copy of all pleadings; motion

8    papers; trial, deposition, and hearing transcripts; legal memoranda; correspondence;

9    deposition and trial exhibits; expert reports; attorney work product; and consultant

10   and expert work product, even if such materials contain Protected Material.  Any

11   such archival copies that contain or constitute Protected Material remain subject to

12   this Stipulated Protective Order as set forth in Section 5.

13   **15.    <u>VIOLATION</u>**

14          Any violation of this Stipulated Order may be punished by any and all

15   appropriate measures including, without limitation, contempt proceedings and/or

16   money sanctions.

17

18   **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

19

20   DATED:  October 19, 2021            LUCAS & HAVERKAMP
                                                  Albert E. Haverkamp
21

22

23                                          By:        /s/ Albert E. Haverkamp
                                                  _____
24                                                ALBERT E. HAVERKAMP
                                                  Attorneys for CITY OF MANHATTAN
25                                                BEACH

26

27

28

15

534889.1

1  DATED:  October 19, 2021        BARBANEL & TREUER, P.C.
2                                    ALAN H. BARBANEL
                                     ILYA A. KOSTEN
3

4                                   By:  ____/s/ Alan H. Barbanel____
5                                        ALAN H. BARBANEL
6                                        Attorneys for GENERAL REINSURANCE
                                         CORPORATION
7

8  **FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

9

10 Dated: 11/03/2021                _____
11                                  Maria A. Audero
12                                  United States  Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

STIPULATED [PROPOSED] PROTECTIVE ORDER

534889.1

1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

11

CITY OF MANHATTAN BEACH,

Plaintiff,

vs.

GENERAL REINSURANCE
CORPORATION,

Defendant.

12
13
14
15
16

GENERAL REINSURANCE
CORPORATION,

Counterclaimant,

vs.

CITY OF MANHATTAN BEACH,

Counterdefendant.

17
18
19
20
21
22

Case No. 2:21-CV-02210-MCS-MAA

**ACKNOWLEDGMENT AND
AGREEMENT TO BE BOUND**

[*Hon. Mark C. Scarsi*]

Trial Date:  August 2, 2022

23
24
25
26
27
28

534889.1

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

1      [Full name], of [address], declare under penalty of perjury that I have read in

2  its entirety and understand the Stipulated Protective Order that was issued by the

3  United States District Court for the Central District of California on [date] in the

4  case of *City of Manhattan Beach vs. General Reinsurance Corp.,* Case No. 2:21-

5  CV-02210-MCS-MAA, United States District Court for the Central District of

6  California.  I agree to comply with and to be bound by all the terms of this stipulated

7  Protective Order, and I understand and acknowledge that failure to so comply could

8  expose me to sanctions and punishment in the nature of contempt.  I solemnly

9  promise that I will not disclose in any manner any information or item that is subject

10  to this Stipulated Protective Order to any person or entity except in strict compliance

11  with the provisions of this Stipulated Protective Order.

12      I further agree to submit to the jurisdiction of the United States District Court

13  for the Central District of California for the purpose of enforcing the terms of this

14  Stipulated Protective Order, even if such enforcement proceedings occur after

15  termination of this action.  I hereby appoint [full name] of [address and telephone

16  number] as my California agent for service of process in connection with this action

17  or any proceedings related to enforcement of this Stipulated Protective Order.

18

19  Signature: _____

20  Printed Name: _____

21  Date: _____

22  City and State Where Sworn and Signed: _____

23

24

25

26

27

28

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

534889.1